By the Court.

The jury might and ought to return that the party sustained no damages, if such was their conviction. The benefit
the owner of land derives from the laying out a way over it, may often exceed the value of the land covered by the way; and iri such case he is entitled to no damages. (1) (a)
The objection to the number of jurors summoned has no weight. The statute has not limited the number. It was well, by summoning some supernumeraries, to avoid the necessity of a selection de talibus circumstantibus.
*346 No good cause having been shown against the verdict, let a mandamus issue to the Sessions to receive and record it, or show cause, &c. (b)

2 Mass. Rep. 492.

a) [5 Mass. Rep. 437.— This is now established by statutory law. — Rev. Stat. c. 24, § 31. — But the justice of the rule is certainly very questionable. The expense of making a highway is a common burden, incurred for the common good; of which burden, each citizen, in proportion to his ability, ordinarily sustains his part, and if one accidentally, whether by dwelling or having his lands near the highway, or from any other circumstance, derives more benefit from it than another, this does not seem to afford any sound reason for imposing a heavier tax upon him merely on that account. Indeed, it would be impracticable, in taxation, to apply the rule generally, and assess the expenses of public works upon each citizen in exact proportion to the supposed *346 benefit he may be expected to derive from them. Where, then, is the equality or Justice of applying the rule in a case like that reported in the text? — Ed.]

 [Commonwealth vs. The Justices of the Sessions for the County of Norfolk, 435. But quære, if these were not matters entirely within the discretion of the Common Pleas. Were they not acting upon a matter within their exclusive jurisdiction, where their judgment was final ? If so, by what authority could the justices of the Supreme Judicial Court grant this writ of mandamus ? In the case of The King vs. The Justices of the North Riding of Yorkshire, (2 Barn. Cres. 286,) Bayley, J , said, “ If the law requires a thing to be done, we may order it to be done by the party upon whom the obligation of doing it is imposed. If he is to act according to his discretion, and will not act, or even consider the matter, we may compel him to put himself in motion to do the thing, but we cannot control his discretion. " Abbot, C. J., in The King vs. The Justices of Middlesex, (4 B. & A. 300,) said there was not an instance, where the Court of King's Bench granted a mandamus to compel an inferior court to come to any particular decision. A mandamus will not be granted to an inferior court to made any special entry, (The King vs. The Justices of Devon, 1 Chitty, Rep 37,) or to remew their decision, (The King vs The Justices of Worcestershire, 1 Chitty, Rep. 649,) or to grant a new trial, (Ex parte Morgan, 2 Chitty, Rep. 250,) or to dismiss an appeal, (The King vs. Justices of Wilts, 2 Chitty, Rep. 257,) or to rehear the parties, (The King vs. The Licensing Justices of Farringdon, 4 D. & R. 735,) or to enforce a conviction, (Rex vs. Robinson, 2 Smith, 274,) or to license an alehouse, (John Giles's case, 2 Str. 881,) or to rectify the doings of such court, where they have done wrong, and there is no other remedy, (The King vs. The Justices of Wilts, 2 Chitty, Rep. 257.) The justices of the Supreme Judicial Court are only authorized generally to grant writs of mandamus according to the laws of the land. (Stat. 1782, c. 9, § 2.) No law is to be found giving them special authority in this case. — See The People vs. The Supervisors of Albany, 12 Johns. Rep. 414. —Hall vs. Supervisors of Oneida, 19 Johns. Rep. 259. — Ed.]