Chief Justice
Robertson delivered the Opinion of the Court.
Daniel Keasy, owning a lot on Jefferson street, in Louisville, on which he had erected a small wooden bouse, s’mee that street had been graded and paved, under the charter of incorporation of 1828—sued the city, in as action on the case, for elevating the grade about three I feet above the level of his lot, after he had thus improved/ it, correspondently with the first grade, in consequence/ of which he had, as he avers, to fill up his lot and reconstruct his house, and had been, in o-ther respects, subjected to inconvenience and damage.
The facts, as alleged, having been proved on the trial, on the general issue, the court instructed the juay that, if they should believe, “from all the evidence, that the w Mayor and councilmen of the city of Louisville had “ the street filled or raised for the purpose of carrying “ off the water in that part of the city, and the injury « complained of arose from filling or raising, they ought «to find for the defendant.”
Verdict and judgment were accordingly rendered in bar of the action. And it is that judgment which the plaintiff in error now seeks to reverse.
The constitutional power to incorporate the citizens of Louisville into a municipal body politic, possessing, as every artificial as well as natural being" ought to possess, a self-will and the faculty of acting, of regulating its own. affairs, and of governing its constituent members, as far as may be consistent with its charter, the federal and state constitutions and the general laws of the Commonwealth, and as may be proper for effectuating the legitimate ends of its creation, has been con-’ ceded by the plaintiff in error, in the fact of suing the *155 corporation and has, also, been necessarily presupposed by the Circuit Judge, in giving his hypothetical ins truetion to find for the City as defendant. And, not doubting either the power of incorporating the city, or the incidental corporate right, either inherent, or derived from legislative authorization, to grade and pave the streets of the city, we are, also, of the opinion, that the corporation had authority to re-grade and pave Jefferson street, or any other street, whenever the municipality might have deemed such an improvement useful to the local public. .
Tho’ raa? be extreme cases, where the do-privation of the use of property not touched, may entitle the owner to compensation from the public—as a general rule, the law gives no damages, where there has been neither trespass nor nuisance.
The power of the Commonwealth over the streets, as well as over the local police, having been, not alienated, but delegated, or rather deferred, to the city itself, it was not material to the legal authority of the, order for changing the grade of Jefferson street, that such a change was, in fact, necessary for draining water or for any other purpose. The city decided that it was proper—and personal inconvenience or private judgment, however repugnant to the policy of re-grading, could not have affected the legal validity of the order.
But the public right to regulate the common highways of the city, is, of course, not arbitrary and unlimited: • far from it. Private rights must be regarded [lie, like.a common person, must so use its own as not . to injure another’s property. It cannot take private property for public use, without paying a just equiva* lent; nor can it disturb any personal right of enjoyment, , But, without touching the plaintiff’s lot, or in any way I encroaching upon it, or interfering with any prescriptive right, to light, or to private way, the city had as clear and perfect authority to raise its street higher, or sink it lower, than the level of his lot, as he would undoubted* ly have had to elevate or sink his ground, without touching or otherwise injuring or interfering with the public street. Ihe pub-
On the trial of the case, there was no evidence tend* ' *156 ling, in any degree, to show, that the plaintiff’s • . T 1 . IT .1 . T T lot had I been intruded on or touched; or that the elevation in the grade of the street eaused water to run or remain upon it, or rendered it less salubrious, or divested him of any vested right, or unjustly obstructed the enjoyment of any such right; and mere inconvenience, to which, in his.j opinion or in fact, a public improvement in his city may háve subjected him, is not sufficient per se to entitle him/ to damages. Every citizen takes and holds private!} property in land subject to the paramount public rights, and to the contingency of adventitious enhancement or diminution in value, resulting from the exercise of the public power for the common good, in any manner which shall not deprive him of property, nor disturb him in the lawful use of any thing which should, of right, be his. A citizen cannot be compelled to pay for private advantage arising from the location of a public way; nor,— unless his pi'operty be taken or, in some way, encroached on, so $3 to divest him of some exclusive individual right,—can he be entitled to damages for incidental dis?. advantage. If the city possess power to shut up Jefferson street, and should exercise it, the reclusion would subject the plaintiff, and others also, to much more inconvenience and actual loss than any which could have been occasioned by the elevation of the grade: but,— the power conceded,—a legal right to damages for the total obliteration of the street could not be maintained. It would have been damnum absque injuria—loss, not injury—inconvenience, not wrong—to which every citizen must submit, and to something like which every citizen does submit, for the public good.
As to the legality or propriety of some of the modes of making public improvements in the city of Louis-, ville, this Court has no right to give any opinion in this case. The means employed for effecting an allowable l end may be inappropriate, or even unauthorized, but thcf end itself—when accomplished—is not therefore the less ,' unexceptionable. Jefferson street has been re-graded— by what instrumentality is not here material; the end was lawful; the city had a right to effect it in some , «rode; and having done so, without injury to any of the *157 plaintiff’s private rights, (as we are bound to presume from this record,) he has no legal title to demand any damages for an accidental consequence, arising from the rightful exercise of a public power, without any tortious, or negligent, or unjust act or omission.
We have not said, nor can we say, that a citizen may not be entitled to damages for a deprivation of the use of his property by a public way which may not take, or even touch, any of his land. But the case in which such a right to damages might be recognised, must be an extreme and peculiar one. And this is not such an one, but is an ordinary case occurring, in a greater or-less degree, frequently—almost constantly; and the pub-, lie could not well bear the heavy and vexatious burden of such demands as would forever arise from such cases, were they admitted to be cases of private injury,_ for which an action could be maintained, Nor could individual citizens be justly subjected to the reciprocal claims of the public against them, for the like inconvenience arising from their lawful use and enjoyment of nothing but their own private property. And hence, as a general rule, the law gives no damages to either party, when there has been no trespass, nor any nuisance which might have been avoided without a surrender of a just and necessary right.
If, as we have supposed and decided, the city had authority to change the first grade, there could have been no implied agreement, when that was fixed, that it would never be changed, any more than such an agreement, between the United States and the owners of land on the Cumberland Road, never to change the location or grade of that national way, could be deemed as having been implied.
Wherefore, it seems to us, that the plaintiff altogether failed to prove any fact from which the jury would havo had a right to infer, that he had a legal right to damages. And therefore, it is our opinion that, however unnecessary or inappropriate the hypothetical assumptions of the Court may be deemed to have been, the instruction was not erroneous to the plaintiff’s prejudice—and the judgment consequently must remain unreversed.