[No. 3,340.]

CALIFORNIA PACIFIC RAILROAD COMPANY v.
R. B. ARMSTRONG ET AL.

LAND CONDEMNED FOR RAILROAD PURPOSES. — If a railroad company, under proceedings for condemnation, enters on the land under an order of the County Judge, and constructs its road across a tract of land in such manner that it is imbedded in the soil and becomes a part of the realty, and if the proceedings are dismissed and new proceedings for the condemnation of the land are commenced, the owner is not entitled to have the value of the ties and iron constituting the track included in his damages upon the final condemnation.

ASSESSMENT OF BENEFITS IN TAKING LAND FOR A RAILROAD. — If a part of a tract of land is taken for a railroad, and that part of the tract not taken is enhanced in value by the construction of the railroad, but receives no special benefits over other lands in the vicinity, and this enhancement in value is common to the contiguous lands, it is a benefit which is to be deducted from the injury caused to that part of the tract not taken.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The plaintiff was a corporation organized to construct a railroad from the Straits of Carquinez, below Vallejo, in the County of Solano, to Sacramento and Marysville. In 1868 the plaintiff commenced proceedings to condemn land for its track in Solano County, in which a large number of land owners were defendants, and among the number, John and Alphonia Adamson, the then owners of the tract of land belonging to the defendant when the present proceedings were commenced. For some reason, the Adamsons were not served with process, and a judgment was entered in said proceedings as to the other lands, but none as to the land of the Adamsons, who afterwards sold to the defendant here. Before the commencement of this action, the former action was dismissed as to the Adamsons. Prior to the commencement of this proceeding, the plaintiff, without the consent of the Adamsons, laid its track across the land, and the Adamsons afterwards sold to this defendant. This action was com-

menced October 15th, 1870. The amount of land sought to be taken was eight and seven one hundredths acres. The Commissioners appointed to assess damages and benefits, assessed the value of the land taken in 1868, when the railroad track was constructed, at thirty dollars per acre, and its value, October 15th, 1870, when this action was commenced, at fifty dollars per acre.

They also assessed the damages which that portion of the tract not taken sustained in 1868 by its severance from the part taken, at six hundred and sixty-seven dollars and fifty cents, and the benefits which accrued at the same time to that part of the tract not taken in consequence of the construction of the road, at the same sum. They made a like assessment of damages and benefits at the time this action was commenced, fixing each at one thousand one hundred and twelve dollars and fifty cents. They found that the benefits to the land not taken were merely its enhanced value, and that the contiguous lands were enhanced in value in the same way. They also found that the railroad track, when constructed in 1868, was imbedded in the soil, and the value of the superstructure constituting the track was two thousand two hundred and eleven dollars and twenty-four cents.

The Court below held that the defendant was entitled. to the value of his land taken at the time this action was com menced, but that in estimating its value, the worth of the improvements put on by the railroad company could not be included.

The defendant asked the Court below to strike out the assessment of benefits to the land not taken, because they were not peculiar to the defendant's land, and to allow the defendant the value of the railroad track as a part of the value of his land taken.

The defendant appealed.

*Beatty & Denson,* for Appellant.

A railroad track is such an improvement or superstructure as the law regards a fixture. It would pass by a conveyance of the soil, and in this case did pass by the conveyance to Armstrong. (*Farmers L. & T. Co.* v. *Hendrickson,* 25 Barb. 484.)

The plaintiff committed a trespass—a wrongful act—by forcibly entering and building a railroad across our land, and now seeks to take advantage of its own wrong by pleading in depreciation of the value of our land the fact that a part of that value was the result of its wrongful act.

Prior to the 15th day of October, 1870, the respondent was a trespasser on appellant's land, and acquired no rights whatever prior to that time. (*Bensley* v. *Mountain Lake Water Co.,* 13 Cal. 306 ; *S. F. & Alameda W. Co.* v. *Alameda W. Co.,* 36 Cal. 639 ; *S. F. & S. J. R. R. Co.* v. *Mahoney,* 29 Cal. 112.)

The value of the land sought to be taken must be fixed as of the day when the corporation judicially takes possession of the land, and the value of the land taken, on that day, together with the damages arising from the severance of the tract, will be the measure of compensation. (*Albany N. R. R. Co.* v. *Lansing,* 16 Barb. 68.)

The statute giving to railroad corporations the right to invoke the aid of the Courts in obtaining land against the will of the owner, should be strictly construed, and a proper consideration of the interests of the people demands that the strict letter of the law shall be pursued.

Armstrong is entitled to damages to his larger tract by reason of the severance, in the amount found by the Commissioners, to wit : one thousand one hundred and twelve dollars and fifty cents, and it was error to refuse it on the ground that the land had increased in value to that amount since the building of the railroad.

The statute contemplates future advantages and increase in value, and then only in case the particular piece of land is specially benefited, but not the general increase of the land in value, on account of internal improvements, increased demand, or proximity to market. (Hittell's Digest, Sec. 7703.)

The benefits to be considered are such as are special to the particular tract of land, and not such as are applicable to the whole vicinity. (*Minnesota and C. R. R. Co.* v. *McNamara*, 13 Minn. 508; 11 Minn. 515. *Hornstein* v. *Atlantic, etc., R. R.*, 51 Pa. St. 87.) 31 Cal. 367 to 375, does not correctly state the law if it holds otherwise.

*William S. Wells*, for Respondent.

The entry of respondent on the land was authorized by law. (Hittell, Vol. 1, Secs. 847, 848, 859.)

The right to condemn private property to public use under the provisions of law, qualified by the obligation to make full compensation, cannot be questioned. The sole duty is to make such compensation pay for the property taken, and only that, and this excludes such questions as are herein raised. (2 Kent, 339, 340; Const. of U. S., Article VI, Amendment; Const. of California, Art. I, Sec. 8.)

The parties are brought into no such relations as involve the question of fixtures. (Washburn on Real Property, Vol. 1, Sec. 19; 1 American Reports, 372; Meig's Appeal; also, in 66 Penn. 28; *Hutton* v. *London & S. Western Railway*, 7 Haw. 259; 2 American Reports, 608; *Mississippi & Tennessee R. R. Co.* v. *Devaney*, 42 Miss. 555.)

No question is made as to the propriety of fixing the value at the time of commencing the later suit, so far as the principles above asserted are received; but it is confidently submitted that the circumstance of our original entry and appropriation being sanctioned by law, as well as under special order of Court, we are brought into no such relation

with the party as gives him a right to estimate our own property as a part of his just compensation.

By the Court, CROCKETT, J. :

This is a proceeding to condemn land for railroad purposes; and it appears in the case that, in the year 1868, the plaintiffs commenced a similar proceeding, for the purpose of condemning the particular tract in contest here and other lands, and obtained an order of Court allowing them to enter upon and retain the possession of said tract pending the proceedings, and duly filed a bond as required by the statute in such cases. It further appears that before the hearing in the present proceeding the former proceeding was dismissed as to this tract, and that "before the commencement of this proceeding" the plaintiffs had constructed upon the land a railroad track, at their own expense, of the value of two thousand two hundred and eleven dollars and twenty-four cents, without the consent of the owner of the land, from whom the present defendant purchased. It is not expressly stated that the track was built whilst the order made in the proceeding of 1868, authorizing the plaintiffs to enter upon and retain the possession, was in force; but we infer that such was the fact. Nor does it appear on what ground or for what reason the former proceeding was dismissed. The Commissioners in the present case assessed the value of the land, at the commencement of the action, at the sum of four hundred and three dollars and fifty cents, exclusive of the railroad track, which they estimate to be of the value of two thousand two hundred and eleven dollars and twenty-four cents. This being a portion of a larger tract, they estimate the damages to that portion not taken at one thousand one hundred and twelve dollars and fifty cents, and the benefits which accrued to the part not taken, "by

CAL. REPS. XLVI—12.

the enhancement of the value thereof, in consequence of the construction of the said road (there being no special benefits), at the sum of one thousand one hundred and twelve dollars and fifty cents." The Court below held that the value of the said road track, constructed by the plaintiffs, ought not to be estimated as a part of the value of the land taken, and excluded it from the computation, and also held that the benefits to the land not taken should be set off against the damages thereto. These rulings constitute the grounds of error relied upon on this appeal.

The argument on behalf of the defendant on the first point is, that the plaintiffs, in constructing the railroad track, were trespassers, and that the track, being attached to the soil, became a part of the realty, and belonged to the owner of the land. Hence he claims that its value ought to be included in the estimate of damages, in like manner as though the defendant had himself built the road. But this proposition cannot be maintained. Neither the Constitution nor the statute contemplates that a person, whose land is taken in the exercise of the right of eminent domain, shall be entitled to anything beyond a "just compensation." He is to be paid the damage he actually suffers, and nothing more. But, to hold that, in addition to the fair value of the land taken, and such other damages as he may suffer by severing it from the remainder of his tract, he shall also recover the value of a railroad track, in the construction of which he never expended a dollar, and which was built by the plaintiffs at their own expense, would be to defeat the obvious intent of the statute by an over-technical construction of it. On the second point the proposition is, that it appears from the report of the Commissioners that there were no *special benefits* to the land not taken resulting from the construction of the said road ; though they also find that it will thereby be enhanced in value in the sum of one thousand one hundred and twelve dollars and fifty cents. From this the defendant's

counsel deduce the argument that, inasmuch as this land will only be benefited with other contiguous lands, and will receive no benefit peculiar to itself, it does not come within the rule which requires benefits to be set off against damages. In other words, they insist that the benefit must be *special* and peculiar to the particular tract—something different from, and in excess of, the benefits resulting to other adjoining lands. But there is no valid reason for this distinction. The theory of the statute is, that the land owner shall receive a fair, just compensation for the damage he suffers, and if that portion of his tract which is not taken will be enhanced in value by the construction of a railroad, his damages will be diminished to the extent of the enhancement, and hence the statute contemplates that by deducting this benefit from the damages, the sum which remains will constitute a "just compensation" in the sense of the Constitution. This was the view of the question announced in the case of the *San Francisco, Alameda, and Stockton Railroad Company* v. *Caldwell,* 31 Cal. 367, which is decisive of this point.

Judgment affirmed.

RHODES, J., dissenting:

I dissent from the conclusion announced on the first proposition.