[No. 12067.    In Bank. — November 1, 1890.]

THE SAN FRANCISCO AND NORTH PACIFIC
RAILROAD COMPANY, RESPONDENT, v. JOSEPH
W. TAYLOR, APPELLANT.

EMINENT DOMAIN — COMPENSATION — IMPROVEMENTS BY RAILROAD COM-
   PANY. — In an action to condemn a right of way for a railroad, com-
   menced after the construction of the road, the land-owner is not entitled
   to be paid the value of improvements placed upon the land by the rail-
   road company, or its predecessor in interest, before the commencement
   of the condemnation proceedings.

APPEAL from a judgment of the Superior Court of
Marin County, and from an order denying a new trial.

The facts are stated in the opinion.

*D. H. Whittemore,* and *W. H. Sears,* for Appellant.

Where one enters upon land voluntarily, and places
improvements thereon, such improvements belong to
the owner (Civ. Code, sec. 1013; *United States* v. *Land
etc.,* 47 Cal. 516), and, in condemnation proceedings, must
be paid for. (*United States* v. *Land etc.,* 47 Cal. 516.)

*E. S. Lippitt,* for Respondent.

The law does not require the railroad company, in
seeking a condemnation of the land entered upon for a
right of way, to pay the owner of the land for structures
placed upon it at its own expense with a view of sub-
sequently acquiring a right of way. (*Chicago & Alton
R. R. Co.* v. *Goodwin,* 111 Ill. 273; 53 Am. Rep. 622, and
cases cited; *Cal. P. R. R. Co.* v. *Armstrong,* 46 Cal. 90.)
The land-owner whose land is condemned cannot re-
cover, in addition to the value of the land taken, the
value of the improvements put on the same by the party
seeking a condemnation. The just compensation re-
quired to be given is for that which is taken from the
owner, and which is of value to him, and not for some-
thing he never owned. (*Chicago & Alton R. R. Co.* v.

*Goodwin,* 111 Ill. 273; 53 Am. Rep. 622; *Cohen* v. *St. Louis etc. R. R. Co.,* 34 Kan. 158; 35 Am. Rep. 242; *Oregon R. R. & Nav. Co.* v. *Mosier,* 14 Or. 519; 58 Am. Rep. 321.)

BELCHER, C. C. — This is an action to condemn a right of way for a railroad across a piece of swamp and overflowed land owned by the defendant. Judgment of condemnation was entered in the court below, from which, and from an order denying a new trial, the defendant appeals. The only question involved in the case relates to the measure of compensation which the defendant was entitled to claim and receive for the strip of land taken. The facts affecting this question are as follows: In the year 1860, one Blatchley made application to purchase from the state a tract of swamp and overflowed land situate in Marin County, and known as "Survey No. 55." He paid twenty per cent of the purchase price, and one year's interest on the remaining eighty per cent thereof, and in April, 1861, received a certificate of purchase. He never made any further payments of interest or principal. In July, 1882, he assigned his certificate of purchase to the defendant, and in January, 1883, the latter obtained from the state a patent for the land. In 1876, the Sonoma and Marin Railroad Company, the grantor of the plaintiff, constructed a road-bed across the said land, and in 1878 laid its track thereon. Since 1876 the said company and the plaintiff, its successor in interest, have been continuously in possession of the strip so taken, and using it for the purposes of a railroad. Whether Blatchley knew of the construction of the railroad across this land, or whether he consented or objected to its construction thereon, does not appear. It would seem, however, that he must have known of it between the years 1876 and 1882, unless he had abandoned his intention to complete the purchase, or was more than ordinarily careless in regard to his own affairs. Shortly after obtaining his patent, the defendant commenced an

action to eject the plaintiff from the possession of the said strip, and before that case was brought to trial, this proceeding was instituted. At the trial of this case, the defendant claimed that he was entitled to have the value of all improvements placed on the land by the plaintiff and its predecessor in interest included in the compensation which should be awarded to him. The court allowed him the value of the land, but not of the improvements, and hence this appeal. The case is not materially different from that of *Albion R. R. Co.* v. *Hesser*, 84 Cal. 435. In that case it was held, on the authority of *California P. R. R. Co.* v. *Armstrong*, 46 Cal. 85, and other cases cited, that the defendant was not entitled to be paid the value of improvements placed upon the land by the company before the commencement of the condemnation proceedings; and the rule there declared seems to be in accord with the weight of authority. We think that case decisive of this, and therefore advise that the judgment and order be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.