### ATHISON, TOPEKA & SANTA FE RAILROAD CO. v. JAMES WEAVER.

1. PLEADING; *Trespass by Railroad Company; Condemnation of Lands.* A bill of particulars in a justice's court that alleges that a railroad corporation dug up and carried away clay from the land of plaintiff, is good without alleging that the corporation had not first proceeded to have the land condemned.

2. REMEDY OF LAND-OWNER; *Condemnation Proceedings.* Chapter 76, laws of 1870, in giving to the owner through whose land a railway is built, a right to have the land condemned and damages assessed, does not take away any other remedy that the owner of the land had before, and if the land has not been condemned and the money paid or deposited he may sue in trespass.

*Error from Lyon District Court.*

WEAVER brought his action against the *Railroad Company* before a justice of the peace, and filed the following bill of particulars:

[TITLE OF CAUSE.] "Said plaintiff states that at and long before the 1st day of May 1870 said defendant was and still is a railway corporation, duly and legally incorporated and organized in the state of Kansas, operating its said railroad in said county of Lyon; that upon said first day of May, and upon divers other days, and upon each and every day from said first day of May to the time of filing this bill of

particulars, said defendant did unlawfully and with force, break and enter said plaintiff's close in said county of Lyon, to-wit, (describing the land,) and construct their railroad upon, and use and occupy said land, and deprive this plaintiff of the use of the same, to the damage of the same ten dollars.

"II. And for a second and further cause of action against said defendant, said plaintiff says, that at and long before the first day of May 1870 said defendant was and still is a railway corporation, as is stated in the first cause of action set out in this bill of particulars, to which reference is here made; that between the said first day of May and the time of the filing of this bill of particulars, said defendant did dig up clay of the value of thirty dollars, in which defendant had no interest or right, the same being on land not said defendant's own, but upon land belonging to this plaintiff, to-wit, (describing the land,) in Lyon county, and contrary to the statute in such case made and provided; and that said plaintiff is the party injured by the digging up of said clay, and claims treble the value thereof, to-wit, ninety dollars. Wherefore," etc.

The defendant moved to dismiss the action. The grounds of the motion are fully stated in the opinion. The justice sustained the motion. The case was taken to the district court, where it was heard at the February Term 1872, and the judgment of the justice was reversed. The *Railroad Company* now brings the case here on error.

*Jacob Safford,* for plaintiff in error:

1. No question was raised in the court below as to the right of the company to construct its road as it has done, or as to the *right* of the company to proceed under the statutes (Gen. Stat., 1868, p. 212, 213, laws 1870, p. 155; Private Laws, 1859, p. 57,) and have such portion of plaintiff's lands as were requisite for its road, set off and condemned for such purpose. The bill of particulars does not show, or attempt to assert, in any manner, but what the railroad company, before such entry and occupation, had instituted proceedings under the statutes for the purpose, and had *legally condemned* the said right-of-way to its use, nor does it show or aver that the road was improperly built, or that the railroad company was *occupying* or injuring any portion of plaintiff's land out-

23—10 KAS.

side of its right-of-way. This we claim is a fatal defect, and both reason and authority concur in sustaining our position. Code, § 87; 10 Ohio St., 572. The *facts* must be set out; and this means the facts, which under the existing law, will constitute a cause of action. A proper and legal condemnation of the land taken for railroads, under the statutes provided for such purpose, must be negatived in the petition, if a suit in trespass or ejectment is to be maintained on the ground of the absence of such condemnation.

2. But it is said, that a legal condemnation of the land, (if such has been had) to the use of the railroad, is matter of defense. This is no doubt true, but still the defendant has the *right to insist* that a case shall be made against it, under the *facts*, and *the law*, before being called upon to plead such matter, or indeed any other, going to the merits. It cannot be *presumed* that the company has failed to comply with the law, and is therefore liable to this action. But the presumptions, such as exist, are in favor of the validity of the company's claim and right of possession. But it may be claimed that the petition sufficiently negatives any proper condemnation of the land by averring that the defendant "unlawfully" entered, etc. This point is answered by the suggestion, that, in the connection found, and considered in the light of the statutes governing the case of railroad rights-of-way, this averment is but a mere legal conclusion, and will not be held to relieve the plaintiff from setting out *all the facts* upon which his case rests. Besides, the inevitable legal inferences to be drawn from other averments of the petition, show that *this one* cannot be true. For instance, the organization and incorporation of the company being averred, it would follow, that the construction of its road would be authorized. Pursuant to such authority it would be competent for the company to enter upon all lands upon the route of its road, and among others the land of the plaintiff. The mere entry then would be *lawful*, and would give the company *some right* and *interest* in the premises, which if prose-

cuted according to law would be developed into a good title for the purposes of its road.

These latter considerations bear with no little force against the second count of plaintiff's petition — showing that it ought not to stand, and for the reason, that the facts stated and the legal inferences to be drawn therefrom, furnish *no ground* for the application of the statute under which such count is framed. Another fact may be taken into account in this connection, and that is, that for all that appears to the contrary, the defendant entered upon plaintiff's land and constructed and operated its road thereon, by leave and license of the plaintiff himself. 18 Ohio St., 179.

3. But we further insist, that in no case, could *this action* be maintained, and for the reason that another and special remedy, adequate in its character, and directly applicable to all cases of this nature, has been provided by statute, and that such remedy is exclusive. Gen. Stat., 1868, pp. 212, 213; Laws 1870, p. 155; Private Laws, 1859, p. 57. The authorities are full, touching this point. See Pierce Am. Railroad Law, 224; 1 Redf. on Rlys., 295; 8 Ohio St., 590; 1 Smith, (Ind.,) 93; 3 Humph., 456; 6 Ind., 249; 7 Ind., 32; 9 Ind., 283; 1 Port., 296; 34 Miss., 227; 1 Foster, 359; 3 Head, 596; 12 Mass., 466; 1 N. H., 339; 4 Wend., 699; 3 Metc., 380; 31 Me., 215; 5 Wharton, 256; 54 Penn. St., 103; 1 Carter, 285; 36 Mo., 546; 6 Eng. L. & Eq., 179; 3 Eng. Rly. Cas., 466; 1 Am. Rly. Cas., 206; 5 Sandf., 551; 4 N. H., 527; 11 Q. B., 731; 32 Vt., 311; 47 Me., 433; 18 Ohio, 232.

But it is claimed by defendant in error that the effect of § 4, art. 12 of the state constitution is such as to change the law as it seems to have been settled in other states, and render it inapplicable here. We are not able to discover any good reason for such an assertion. If the constitutions of the states where the decisions we have referred to, were made, do not contain the precise provision relating to the subject in hand which is to be found in that of Kansas, they certainly do contain provisions equally stringent, and which are as much at variance with the doctrine for which we contend as is the

section named. The Ohio constitution of 1851 contains a clause almost identical with said section four, and yet the doctrine of the case in 8 Ohio St., 590, has not been changed or modified by the Ohio courts. It is to be observed that our constitution only provides that compensation for a right-of-way for a corporation *shall* be made. It says nothing about the *mode* by which the amount of compensation is to be ascertained, the evident intention of its framers being to leave that and kindred matters to be regulated by law. This has been done, and a full and adequate remedy, equally within the reach of the land-owner and corporations, been provided. Such being the fact, we think that no sound argument can be offered going to show that parties should not be *confined to such remedy*, as we have seen they are in other states. Such a construction of the law is subversive of no substantial right of the land-owner. It involves no new principle or practice in the application of legal remedies, and we insist that it ought to be adopted.

*Ruggles & Plumb* for defendant in error:

1. The legislature, in amending §87 of ch. 23 of the Gen. Stat., (see ch. 74, laws of 1870, page 156,) did not intend to give, and did not give, railway corporations the right to enter and construct and operate their railroads upon the lands of others, without the owners' consent, and without first having the same carefully condemned, and paying or depositing the condemnation-money, thus leaving the owner without any remedy unless he should choose to have the condemnation made for them, and then wait until it should suit their convenience to pay the amount of the assessment. There is no authority anywhere, except in §§83 and 84, page 213 of the Gen. Stat., that authorizes a railway corporation to enter the lands of another for the purpose of constructing its road, either before or after the road is located and laid off and the assessment made; and there they are only authorized to use the land upon the payment or deposit of the assessment-money. And where a railway corporation is authorized to enter upon

and use lands upon the payment or deposit of the money award, the payment or deposit of the money is a condition precedent to the right of the corporation to the use of the land, and without such payment or deposit they may be enjoined in a court of equity, or prosecuted in trespass at law for so doing. See 1 Redf. on Rlys., 240.

2. But if the legislature had intended to give railway corporations the right to enter upon the lands of others, without their consent, and construct and operate their road, or to do either of said acts, it was beyond its power under our constitution to do so. We know it has been held in some states, under constitutions very different from ours, that where in the charter of a railway corporation the right of eminent domain is given them, and it is provided that either party may have the damages assessed, the land-owner has no other remedy than to have an assessment made; but these decisions had their origin in the principal that, where the statute gives a new right not after the order of the common law, and points out the steps to be taken to obtain it, that way alone can be pursued. But in this state the right of the land-owner is not given by the statute, but emanates from a source superior to any acts of the legislature, and that right is to have full compensation made in money, or secured by deposit of money, before any appropriation of the land can be made. Const. of Kas., art. 12, §4. Under this constitution, corporations cannot appropriate, dig up, and destroy the lands of an individual, and leave him no remedy until he can have the damages assessed, and then if the corporation is insolvent his remedy be of no avail to him, or in other words no remedy at all. 4 Kas., 522; Pierce on Am. Rld. Law, 165; 27 Ind., 260; 23 Ind., 624; 20 Iowa, 526; 10 Iowa, 543.

The case of *The State v. Armell*, 8 Kas., 288, of itself disposes of this question.

The opinion of the court was delivered by

KINGMAN, C. J.: The defendant in error commenced an action before a justice of the peace in Lyon county against

the plaintiff in error. The defendant moved to dismiss the action for the reason that the bill of particulars did not state facts sufficient to constitute a cause of action, and for the further reason that the plaintiff's only remedy was by proceedings on his own motion to have the land condemned, and compel the company to pay the damages awarded. The justice sustained the motion, whereupon the plaintiff took the case to the district court on error and that court reversed the judgment of the justice. The plaintiff in error brings the case to this court, for review. The same points are presented here as were made before the justice. The alleged defect in the bill of particulars is, that there is no allegation therein that the Railroad Company had not appropriated the right of way through defendant's land by proper legal proceedings before the same was entered upon. It may well be doubted whether under our constitution such an averment is necessary in any case. It is conceded that many authorities sustain the position of plaintiff in error on this point; but we have seen but one under a constitutional provision requiring compensation to be first made or tendered before any right of way can be obtained, and that is the *Cleveland & Pittsburg Rld. Co. v. Stackhouse*, 10 Ohio St., 567; and in that case it seems much stress was placed upon the statement in the petition that the Railroad Company had *appropriated* the land, and that the law authorized such appropriation, and at the same time provided for a just compensation to the owner. There is nothing in either count of the bill of particulars in this case that indicates that the company had appropriated the land. On the contrary, it is stated that they unlawfully broke and entered the plaintiff's premises. But however the rule may be on this point, the second count is good, for even if the company had by proper proceedings taken and paid for the right of way across plaintiff's land, it had no right to dig up plaintiff's clay and carry it away. A condemnation gives no such rights; therefore this count is good.

The remaining question is a more important, but less

*1. Pleading; trespass by railroad company.*

Opinion of the Court.

embarrassing one. The constitution provides that no right of way shall be appropriated to the use of any corporation until full compensation therefor be first made in money, or secured by a deposit of money, to the owner: Sec. 4, art. 12. Until this is done the corporation gets no rights, and is a trespasser if it goes upon another's land for the purpose of building and operating its road. It gets absolutely no rights. This is so plain that the language of the constitution is the strongest argument that can be used. Now it is claimed that § 87, ch. 74, laws of 1870, by giving to the owner of any land through which a railroad may be built the right to have the land condemned and appraised, and damages assessed therefor, has given an adequate remedy which is necessarily exclusive in its character; and to this point many authorities are cited. It is not deemed essential to examine them. It may be observed that the law referred to does not in terms declare that the course therein provided is exclusive; nor does it do so by implication. No new right is created by the statute, and a remedy provided to secure it. The right existed before the statute. The owner of land had, to secure his rights, such remedy as the law affords to any injured person. The legislature gave him another remedy, but did not take away those already possessed. The new remedy may be satisfactory, if the land-owner chooses to waive his rights to prior compensation. Otherwise it would be grossly inadequate. Even when damages are ascertained in this way the owner who resorts to it must run his risk of ever getting his money. He may take this course if he chooses to take all the risks; but he is not obliged to do so. He is not compelled to waive his rights to prior compensation; nor can the legislature or the courts do away with the safeguards that the constitution has thrown around private property, to preserve it from the grasp of corporations. The legislature has not done so in the section referred to, construed as it ought to be. The court can but say, that until compensation is made or deposited the corporation gets no right of way, and is but a trespasser. In Indiana it is held that

*2. Remedy of land-owner. Ch. 87, laws of 1870, construed.*

ejectment lies; and it is difficult to see how this conclusion can be escaped. (*Graham v. The C. I. C. Rld. Co.*, 27 Ind., 260.) The judgment of the district court is affirmed.

All the Justices concurring.