THE PARSONS WATER COMPANY v. CAROLINE M. KNAPP.

1. CONDEMNATION PROCEEDINGS; *Insufficient Defense as to Damages.* Where condemnation proceedings are instituted by a party desiring to obtain an easement in land, and the other party contests only with regard to the amount of the damages which may be awarded, and not with regard to the validity or regularity of the proceedings, and judgment is finally rendered between the parties, awarding damages and costs to the landowner, *held*, that the party instituting the proceedings cannot claim that such judgment is void because the proceedings are not authorized by statute; but *held*, that such judgment is valid, whether the proceedings are fully authorized by statute, or not.

2. CONTINUANCE, *Refusal of, Not Error.* Where a case is properly on the trial docket for a special term of the court, and is continued at that term by consent of the parties to the next regular term, which commences within eight days after the continuance, and on the ninth day of the regular term — the seventeenth day after the continuance — the case is regularly called for trial, and the defendant asks for another continuance upon the ground that no trial docket had been made out for that term, and for the further reason that the defendant could not safely proceed to trial for the want of material evidence which he has been unable to procure, but no diligence is shown in attempting to procure evidence or in preparing for trial, and the court overrules the application for the continuance, *held*, not error.

3. RIGHT TO FLOOD LANDS; *Trial upon Erroneous Theory.* Where a corporation commences condemnation proceedings to procure the right, among other things, to flood lands, and does not ask for the entire use of the water to the exclusion of the owner of the land, and the case is tried, over the objections of the party instituting the proceedings, upon the theory that such party would obtain the right to the exclusive use of the water, and would entirely exclude the owner of the land from its use, *held*, error; and that, under the circumstances of this case, the error is material.

4. DAMAGES—*Evidence.* In a case where the principal question is with reference to the amount of damages to be awarded to one of the parties, a witness cannot be asked "the amount of damages sustained."

5. ———— *Case, Followed.* The case of *The St. Louis, Lawrence & Denver Rld. Co. v. Wilder,* 17 Kas. 239, 247, with reference to the judgment to be rendered in condemnation proceedings, referred to, and followed.

*Error from Labette District Court.*

THE opinion states the nature of the action, and the facts. At the November Term, 1883, plaintiff *Knapp* recovered a judgment for $1,000 against the *Parsons Water Company,* which brings the case here.

*C. H. Kimball,* for plaintiff in error.

*Perkins & Morrison,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The Parsons Water Company is a corporation organized under the laws of Kansas—

"For the purpose of supplying water to the public in or near to the city of Parsons, and to that end to build and maintain a dam, canal, and reservoirs, and to build, maintain and operate a system of water works for supplying with water the streets, alleys, lanes, squares and public places of the said city of Parsons, and for supplying water for extinguishing fires, and for domestic, manufacturing, hydraulic, irrigating and industrial purposes in said city and country adjacent thereto, and to erect, build and maintain all buildings, machinery and apparatus necessary in order to accomplish the purpose above named."

The city contracted with the company for a supply of water for fire purposes, and granted to it the right to construct, maintain and operate its water works in said city, and to lay its mains in the streets thereof; and to obtain an adequate supply of water for the purposes for which it was organized, the company desired to construct a dam across a stream known as the "Big Labette creek," and to overflow certain lands above this dam, and for the purpose of procuring the right to do these things, the company instituted condemnation proceedings, under article 9 of the act relating to private corporations, (Comp.

48—33 KAS.

Laws of 1879, ch. 23.) In these proceedings an award of damages of $330 was made by the commissioners to Caroline M. Knapp, who owned a farm through which the stream runs. She appealed. from this award to the district court, where another award was made to her for the sum of $1,000, and judgment was rendered in her favor for costs; and to reverse this award and judgment the case is now brought to this court.

The first assignment of error is, that the district court erred in entertaining the condemnation proceedings, for the reason that a water company organized for the purposes for which this company was organized has no power under the statutes to obtain any easement or any right or interest in real estate by virtue of condemnation proceedings. We do not think that it is necessary to decide this question; for the water company itself instituted the proceedings to obtain such right, and Mrs. Knapp did not contest its right or power to do so, but consented thereto, and merely contested as to the amount of the damages which might be awarded to her. The company asked for the right, she consented, and the entire contest was with reference to the amount of damages which she should receive. No question as to the company's right to institute and carry on the proceedings, or to obtain what it asked for, was raised in the district court, and therefore whatever might have been the result if the question had been raised by either party in that court, we think it must now follow that the water company will get what it asked for, if the award and judgment of the district court shall finally be affirmed, and if the company complies with such award and judgment. In support of this proposition, see *C. B. U. P. Rld. Co. v. Andrews*, 26 Kas. 702, 710, 711.

The next alleged error is, the refusal of the district court to grant a continuance. It appears that the case was taken to the district court in proper time to be tried at a special term thereof. It was regularly on the trial docket, and was regularly and properly called for trial, when on November 4, 1883, the parties by consent continued the case to the next regular term of the court, commencing on November 12, 1883. No

trial docket was made out for that term; but if there had been, it would not have contained this case, for it would have been made out before this case was continued. (Civil Code, § 313.) On November 20, 1883, the case was regularly called for trial, except that no trial docket had been made out, as aforesaid. The water company then asked for another continuance, for the reason that no trial docket had been made out for that term, and for the further reason that the company could not safely proceed to trial for the want of material evidence which it had been unable to procure; but no diligence was shown in attempting to procure evidence or in preparing for trial, and the court overruled the application for the continuance. We cannot say that the court committed material error in this ruling. The granting and refusing of continuances rests to some extent within the sound judicial discretion of the trial court. The trial court can know more of the circumstances surrounding the case than it is possible for the supreme court to know, and hence, unless error is clearly shown in the refusal of the court to grant a continuance, the supreme court will not reverse therefor. The trial court, exercising a sound judicial discretion, might perhaps very properly have delayed the case for a time on account of the sickness in the family of the president of the water company, and for other reasons, but we cannot say that it materially erred in refusing to do so.

The next claim of error is, that the court below tried the case upon an erroneous theory, which resulted in a large increase in the amount of the damages awarded to Mrs. Knapp; and it is claimed that this error is shown by the evidence that the court permitted the plaintiff, Mrs. Knapp, to introduce, over the objections and exceptions of the water company; by an instruction of the court to the jury, excepted to by the water company; by the refusal of the court to give certain instructions asked for by the water company; by a special finding of the jury awarding to the plaintiff $385.31 damages because, as was supposed, the water company obtained the right to the exclusive use of the water, and Mrs. Knapp was excluded from its use; and by the refusal of the court to reduce

the aggregate amount of the damages awarded to Mrs. Knapp by striking out said $385.31. We are inclined to think that the court below did err in this particular. It seemed to have tried the case upon the theory that the water company procured the right to the exclusive use of the stream — the big Labette creek — to the total and entire exclusion of the plaintiff, Mrs. Knapp. Now the water company did not ask for such an exclusive right, and we do not think that under the statutes or its petition in the condemnation proceedings it could obtain any such exclusive right; and it should not be required to pay for more than it received. After the final termination of these condemnation proceedings, we think the water company will have the right to take just so much water as it asked to take, or to do just what it asked to do when it instituted the proceedings, and no more; and the plaintiff will still have the right to all reasonable and proper use of the water in connection with her farm. Except with the consent of the plaintiff, the water company can interfere with her rights or interests only to subserve some paramount public interest or purpose, and only as far as such public interest or purpose requires or authorizes. With her consent, however, the company may procure greater interests in her property. As the court below tried the case upon an erroneous theory, we think its award and judgment must be reversed, unless the plaintiff consent to diminish the award by deducting therefrom the sum of $385.31.

It is also claimed that the court below erred in permitting a question to be asked a certain witness with reference to "the amount of damage sustained" by Mrs. Knapp. We think the court below erred in permitting the question to be asked; but taking into consideration the answer given and the many other questions asked this witness and the answers given thereto, we think the error was wholly immaterial. The answer to the question was in substance that the value of the property was diminished one-half.

The next ruling of the court below complained of is the correction of the judgment which had previously been rendered.

We perceive no error in this. The judgment was corrected so as to make it correspond with the decision rendered by this court in the case of the *St. Louis, Lawrence & Denver Rld. Co. v. Wilder,* 17 Kas. 239, 247.

If the plaintiff, Mrs. Knapp, consents to the reducing of the award by deducting $385.31 therefrom, the award and judgment as thus modified will be affirmed; otherwise, they will be reversed.

All the Justices concurring.