FREMONT, E. & M. V. R. Co. v. CLAUS MATTHEIS.

[FILED JUNE 11, 1892.]

1. **Eminent Domain:** DAMAGES: STATUTORY REMEDY EXCLU-
SIVE. In this state the special remedy provided by statute for
determining, by condemnation proceeding, the damage to land
when a part thereof is taken for right of way purposes by a
railroad company, is exclusive. (*R. V. R. Co. v. Fink*, 18 Neb.,
82.)

2. ——: ——: APPRAISERS: A PETITION FOR THE APPOINTMENT

of a commission to appraise damage for the taking of property for right of way, which sets forth that the petitioner desires to acquire a strip 100 feet wide through a particular tract, and refers to an accompanying plat for a more particular description, is sufficient.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*John B. Hawley* and *B. T. White*, for plaintiff in error:

Plaintiff having by acquiescence permitted defendant to construct and operate its railroad over his land, trespass, ejectment, or injunction will not lie. (*Right v. Beard*, 13 East [Eng.], 210; *Hamlin v. R. Co.*, 61 Wis., 515; *M. & N. R. Co. v. Strange*, 63 Wis., 178; *Goodin v. Canal Co.*, 18 O. St., 169; *St. Julien v. R. Co.*, 33 Am. & Eng. R. Cases [La.], 92; Pierce, Railroads, 169; *L. N. A. & C. R. Co. v. Soltweddle*, 36 Am. & Eng. R. Cas. [Ind.], 577; *Kittell v. R. Co.*, 55 Vt., 96.) Where the statute gives the railroad company and the land-owner the equal right to institute condemnation proceedings, that remedy must be sought by the land-owner to recover the value of the land taken and damages to the remainder not taken. (Pierce, Railroads, 178, 224; 1 Rorer, Railroads, 338; Mills, Em. Dom., sec. 87; *R. V. R. Co. v. Fink*, 18 Neb., 82; *Hull v. R. Co.*, 21 Id., 374; *B. & M. R. Co. v. Reinhackle*, 15 Id., 279; *R. V. R. Co. v. Fellers*, 16 Id., 169; *Calking v. Baldwin*, 1 Wend. [N. Y.], 667; *Flagg v. Worcester*, 79 Mass., 601; *Daniels v. R. Co.*, 35 Ia., 129; *L. M. R. Co. v. Whitacre*, 8 O. St., 590; *Hanlan v. R. Co.*, 61 Wis., 521.) The condemnation proceedings offered in evidence by the defendant and admitted by the court were conclusive upon the parties, and estopped the plaintiff from all claim on account of the matters set forth in his petition. (*Bradley v. Steam Packet Co.*, 9 Pet. [U. S.], 107; *B. & P. R. Co. v. Fifth Bap. Ch.*, 108 U. S., 317; *Uline v. R. Co.*, 101 N. Y., 98; *Ma-*

*hon v. R. Co.*, 24 Id., 659; *Hussner v. R. Co.*, 114 Id., 433; *Powers v. Ware*, 4 Pick. [Mass.], 106; 1 Sutherland, Damages, 189, 190, 191; 1 Herman, Estoppel and Res Adjudicata, secs. 219, 222; *Haines v. Flinn*, 26 Neb., 380; *Gayer v. Parker*, 24 Id., 644; *Weber v. Morris*, 36 N. J. L., 213; *Madden v. Smith*, 28 Kan., 799; *Covington & C. Bridge Co. v. Sargent*, 27 O. St., 233; *Baird v. U. S.*, 96 U. S., 430; 2 Beach, Law of Railways, secs. 818, 824; Lewis, Em. Dom., sec. 565; *Spaulding v. Arlington*, 126 Mass., 492; *Van Schoick v. Canal Co.*, 20 N. J. L., 249; *C. & A. R. Co. v. S. & N. W. R. Co.*, 67 Ill., 142; *C., R. I. & P. R. Co. v. Smith*, 111 Ill., 363; *White v. R. Co.*, 23 N. W. Rep. [Ind.], 782; *Masters v. McHolland*, 12 Kan., 23; *People v. Wasson*, 64 N. Y., 167; *State v. R. Co.*, 29 Neb., 412.) If plaintiff was not satisfied with the award in the condemnation case, his only remedy was by appeal. By his dismissal of his appeal he is estopped to further complain. (*Bosland v. R. Co.*, 8 Ia., 148; *A., T. & S. F. R. Co. v. Patch*, 28 Kan., 470; *Reisner v. Strong*, 24 Id., 410; *Allison v. Commissioners*, 54 Ill., 170; *M. & N. W. R. Co. v. Woodworth*, 32 Minn., 452; *State v. G. I. & W. C. R. Co.*, 31 Neb., 209.)

*Switzler & McIntosh, contra:*

The facts do not admit of the application of the principle of estoppel plaintiff has not acquiesced. (*Spofford v. R. Co.*, 66 Me., 47.) When applied to private or *quasi*-public corporations, the remedy by statute is cumulative. (*Crawfordsville, etc., R. Co. v. Wright*, 5 Ind., 252; *In re Buffalo*, 78 N. Y., 362; *Robinson v. Mathwick*, 5 Neb., 255; *Dusenbury v. M. U. Tel. Co.*, 64 How. Pr. [N. Y.], 206.) Even in the case of public corporations, the remedy is exclusive only when the statutory manner of proceeding has been strictly complied with. (*Smith v. R. Co.*, 67 Ill., 195; *Hamor v. Bar Harbor*, 78 Me., 133; *Perry v. Worcester*, 6 Gray [Mass.], 546; *Hull v. West-*

*field,* 133 Mass., 434; *Spring v. Russell,* 7 Me., 273; *Loop v. Chamberlain,* 20 Wis., 146; *Hall v. Pickering,* 40 Me., 556; *Wamesit Power Co. v. Allen,* 120 Mass., 352; *Badgerly v. Commissioners,* 1 Dis. [O.], 320.) The answer is demurrable and no evidence should be received under it. It does not set forth the oath taken, the description of the land taken, or that the land was the same as that involved in this case. (*Hazen v. R. Co.,* 2 Gray [Mass.], 579; *Pres. & Div. R. Co. v. Wright,* 5 Ind., 252; *Stanton v. Henry,* 11 Johns. [N. Y.], 133; *Pio Pico v. Colimas,* 32 Cal., 578; *Squires v. Seward,* 16 How. Pr. [N. Y.], 478; *Althause v. Rice,* 4 E. D. Smith [N. Y.], 348; *Ferris v. Brown,* 3 Barb. [N. Y.], 105; *Haight v. Badgeley,* 15 Id., 499; *London v. Lumber Co.,* 8 S. Rep. [Ala.], 281; *Natl. Docks, etc., Co. v. State,* 21 Atl. Rep. [N. J.], 570; *Vail v. R. Co.,* 20 N. J. L., 189; *Penn. R. Co. v. Porter,* 29 Pa. St., 169; *Jeffries v. Swampscott,* 105 Mass., 535; *Lewiston v. Co. Com'rs,* 30 Me., 19; *Smith v. R. Co.,* 105 Ill., 511.) The notice served on the land-owner failed to give a description of the land, to state the time when the commissioners would appear, or to give any description of the cuts and fills, hence it was fatally defective. (*Penn. R. Co. v. Porter,* 29 Pa. St. 168; *P. & R. I. R. Co. v. Warner,* 61 Ill., 52; *Spofford v. R. Co.,* 66 Me., 44; *Wilson v. Lynn,* 119 Mass., 174.) An appeal is no waiver of trespass, although the appeal may be still pending. (*Stringham v. R. Co.,* 33 Wis., 471; *Ray v. R. Co.,* 4 Neb., 439; *Damp v. Dane,* 29 Wis., 420). Plaintiff could sue for the value of the land and damages, and judgment in this case vests title in the railroad and settles the controversy. (*I. & G. N. R. Co. v. Benitos,* 59 Tex., 326; *W. & W. R. Co. v. Fechheimer,* 36 Kan., 45; *Jamison v. Springfield,* 53 Mo., 224; *Soulard v. St. Louis,* 36 Id., 554; *Blesch v. R. Co.,* 43 Wis., 192; *Stein v. Burden,* 24 Ala., 146; *Mitchell v. Ladew,* 36 Mo., 532; *Selden v. Canal Co.,* 24 Barb. [N. Y.], 362.) Immature crops are elements of damage.

(*Merrett v. Bowe,* 67 Ia., 636; *Gilmore v. Pitts,* 104 Pa., St., 275; *Gilbert v. Kennedy,* 22 Mich., 117.)

POST, J.

This was an action of trespass in the district court of Douglas county. The trespass charged is the construction upon and through the land of the plaintiff below, of the railroad track of the defendant company, and the appropriation and use of a part of said premises for the purpose aforesaid. In his petition he alleges that he has been damaged as follows: First—Value of land taken, $2,500. Second—Value of growing crop (garden vegetables) thereon $2,000. Third—Damage to remainder of premises, $8,000. The defendant relied upon a prior condemnation of the property taken, for the purpose of its right of way, and compensation paid therefor. The case was submitted to a jury upon the testimony of the plaintiff and the following verdict returned:

"We, the jury duly impaneled and sworn to try the issues in this case under the instruction of the court and the evidence, do find as follows:

"First—The land of the plaintiff not taken by the defendant was damaged by reason of the construction of defendant's road in the sum of $3,500.

"Second—We further find that the value of the crops or growing vegetables which were destroyed by the defendant in the construction of its said road and which belonged to the plaintiff was of the sum of $1,000.

"Third—We further find that the total damage to the plaintiff for crops or vegetables destroyed by defendant, and the damage to the remainder of plaintiff's land, is the sum of $4,500, which amount we so assess in his favor.

Damages.................................................$4,500 00
Interest................................................... 840 00
                                                        ─────────
    Total.........................................$5,340 00
              " PIERCE RYAN, *Foreman.*"

A motion for a new trial having been overruled, judgment was entered upon the verdict and the case removed to this court by a petition in error. It is necessary to notice but a few of the questions presented by the record. From the bill of exceptions it appears that a petition had been previously presented to the county judge of said county for the appointment of commissioners to assess the damage to the plaintiff by reason of the appropriation of the property in question for its right of way; that in accordance with the prayer of said petition six disinterested freeholders were selected and sworn to assess the damage as aforesaid; that said commissioners subsequently and in due time personally examined said property and assessed plaintiff's damage at $960, as appears from their report, as follows:

" We, the undersigned, disinterested freeholders and commissioners, residents of Douglas county, Nebraska, appointed by the county judge of said county to appraise the damages accruing to Claus Mattheis by reason of the appropriation of that part of the following described real estate, taken for right of way, side tracks, wood and water stations, depot grounds, and railroad purposes, by the Fremont, Elkhorn & Missouri Valley Railroad Company, situated in said Douglas county, as shown on the plat and profile of said railroad as submitted to us by the agent of said railroad company, and on file in the county court for Douglas county, Nebraska, viz.:

"A strip of ground across the real estate in the ———— and described as follows: The south half of the northeast quarter of the southeast quarter of section thirty-six (36), in township fifteen (15) north, of range twelve (12) east, of the sixth principal meridian, being a strip of land one hundred feet in width, it being fifty (50) feet in width on each side of the center line of said railroad as surveyed, staked out, and located over and across the premises above described, all as is shown by the plat hereto attached,

marked 'A,' and made a part hereof, and belonging to Claus Mattheis, having been duly qualified, and having each personally examined said premises on the 10th day of June, 1887, at the hour of 10 A. M., being the day and the time mentioned in the notice filed with the county judge, at the office of said county judge, in said county, and attached hereto, find the quantity of land taken, and the value thereof, as follows, to-wit: one and $\frac{60}{100}$ acres of land at $600 per acre, amounting to the sum of $960, and we hereby accordingly award and appraise the damages to the said owners thereof at the total sum of nine hundred and sixty and $\frac{no}{100}$ dollars."

The amount named in the report, to-wit, $960, was deposited by the defendant below with the county judge for plaintiff's use before entering upon the premises. The latter, being dissatisfied with the amount assessed in his favor, undertook to appeal to the district court, and filed therein a transcript of the condemnation proceeding, but failing to give the bond required by law or have summons issued was dismissed for want of prosecution. Proof of the above proceedings having been made at the trial, the court on its own motion gave the following instructions, to which exception was taken:

"I. That the award made by the appraisers of the value of the land, and the return thereof into the county court, the record of which has been introduced in evidence, is binding upon the parties hereto, and that question is not and cannot be a subject of inquiry by you.

"II. The appraisers not having made any estimate of the damages which the plaintiff sustained by reason of the depreciation in value of the remainder of his land not taken for right of way nor for the destruction of the crop of vegetables growing upon his land at the time of its appropriation by the defendant, you will allow the plaintiff such damages for such items as the testimony satisfies you he has sustained, not exceeding the amount claimed in the petition therefor."

It is contended by counsel for plaintiff in error that the court, having found the condemnation proceeding to be valid, should have directed a verdict in its favor on the ground that the statutory remedy for the assessment of damages in such cases is exclusive.   In this claim counsel are sustained by the decisions of this court.   In *R. V. R. Co. v. Fink*, 18 Neb., 82, it is held that "The statutory mode of acquiring the right of way and ascertaining the damage therefor is exclusive as to the manner of assessing the value of the land taken with damage to the residue of the tract, but does not include damage to the possession by the wrongful entry upon the land before condemnation." This case is not claimed by defendant in error to be within the exception noted above, and from an inspection of the petition it is apparent that it is not.   Counsel for defendant in error contend that the remedy by condemnation is not exclusive in this case, and we have devoted considerable time to a re-examination of the question.   A second investigation has satisfied us of the soundness of the rule stated in *R. V. R. Co. v. Fink*, and that this case is within both the letter and reasoning thereof.   That case is in harmony with the views of all text writers and certainly of a great majority of well considered cases on the subject. The following may be cited as among the many authorities in point: Pierce on Railroads, 178; Mills on Eminent Domain, sec. 87; 1 Rorer on Railways, 335; *Daniels v. N. W. R. Co.*, 35 Ia., 129.   In 6 Am. & Eng. Ency. of Law, 604, it is said "The special remedy provided by statute for determining the compensation for property taken is not cumulative but exclusive, but where the company alone can take the initiative, the land-owner will not be deprived of his right of action at common law."   In a note to the first proposition the author cites as supporting the text cases from eighteen different states.

It is next insisted by counsel that the petition for condemnation was not sufficient to give the county judge juris-

diction, hence the rule above stated is not applicable. The
statutory remedy is as available to the defendant in error
as to the railroad company. And if the condemnation
proceeding is void for want of jurisdiction we can see no
reason, either upon principle or authority, why the defend-
ant in error should not be required to pursue the remedy
specially provided for the ascertainment of his damage.
But we think the county judge had jurisdiction.

The objection made to the petition is that the descrip-
tion of the land is not sufficiently specific. The allega-
tion of the petition is "The right of way one hundred
feet wide over, across, and through the   *   *   *   north-
east quarter of the southeast quarter of section No. thirty-
six, township No. fifteen, range No. twelve east,   *   *   *
all of the above described property being fully described
and marked by red lines upon the plat hereto attached and
marked Exhibit B and made a part hereof. The follow-
ing named persons have and claim title, ownership, and
interest in the above described real estate, to-wit,   *   *   *
C. Mattheis." The exhibit named is a plat of the prem-
ises, showing the location of the right of way, but not
having marked thereon any notes showing the courses and
distances. The notice served upon defendant in error de-
scribes the property to be condemned as follows: "A right
of way one hundred feet wide over, across, and through
the northeast quarter of the southeast quarter of section
thirty-six, township fifteen, range twelve east, all as sur-
veyed, staked out, and located on said land, all as more
fully appears from the petition on file," etc. The report
of the commissioners describes the property substantially
as above.

The cases cited by defendant in error upon this question
arose mostly under statutes which required an accurate
description of the boundaries by monuments, etc. In
*Vail v. Morris & Essex R. R.*, 21 N. J. L., 189, and *Nat.
Dock, etc., Co. v. State*, 21 Atl. Rep. [N. J.], 570, the statute

required the commissioners to transmit with their award a description of the land, the quantity taken, by whom owned, how situated and bounded, and described in writing, to be filed ·in the clerk's office and there kept as a public record." It is obvious that a technical description is contemplated by this provision. The description in this case is quite as definite as in *K. C. R. Co. v. Story*, 10 S. W. Rep. [Mo.], 203, where, under a statute requiring a specific description, it was held sufficient. In *Kuschke v. St. Paul*, 47 N. W. Rep. [Minn.], 786, Chief Justice Gilfillan says: "The notice was not for the information of strangers to the property fronting on the street, but of owners and persons interested in it. If it contained enough in connection with what they already had notice of to apprise them what property was to be taken, the purpose of the notice was accomplished." We are satisfied to follow these authorities. The proceeding under our statute is exceedingly informal, and while it must not be lacking in any essential to the jurisdiction of the commissioners, we have no occasion to follow the decisions under statutes which prescribe conditions to the exercise of the right of eminent domain not found in ours. We agree with counsel that a condition to the application of the rule above stated is that the railroad company must act in good faith. A corporation cannot in this way acquire property for any other purposes than those enumerated in the statutes, and if it attempted to do so the land-owner would have his election of remedies. There is nothing in this record, however, from which to impugn the motives of the company. The evidence in the record discloses that the road was built and we have no right to presume that the land is now used for any other purpose than that for which it was condemned.

Lastly, it is urged that it does not appear that the parties cannot agree upon the compensation. The testimony of the defendant in error does not sustain the claim. It

is apparent that he could not agree with the agent of the company who had the matter of right of way in charge. The court erred in giving the instructions set out and in not directing a verdict for the defendant below, for which the judgment must be

REVERSED.

THE other judges concur.