BLACKWELL, ENID & SOUTHWESTERN RAILWAY COMPANY AND ST.
LOUIS & SAN FRANCISCO RAILROAD COMPANY V. J. J. BEBOUT.

(Filed September 4, 1907.)

(91 Pac. 877.)

1. EMINENT DOMAIN—Procedure—Entry on Land—Remedies of
Landowner. The statute of Oklahoma authorizing railroad cor-
porations to exercise the right of eminent domain and providing
the procedure by which the damages to the landowner may be
ascertained and giving to the owner of the property as well as
the corporation the right to institute such proceedings, does not
provide an exclusive remedy, but the common law remedy afford-
ed the owner in such cases may be pursued, at the election of
the landowner, where his property is entered upon and appro-
priated for railway purposes.

2. ABATEMENT—Eminent Domain—Pendency of Proceedings—
Bar to Recovery of Damages by Suit. Where condemnation pro-
ceedings have been instituted for the purpose of ascertaining
the rights of the parties for the appropriation of right of way
by a railroad company and of fixing the compensation of the
landowner, such landowner cannot maintain an action at law to
recover damages for the injury done to his property, and if such
suit is brought it should be dismissed at the plaintiff's costs.

3. SAME—Rights of Parties—Election of Remedies. After a rail-
road company has entered upon private lands and appropriated
its right of way, either with or without the consent of the owner,
either party may institute condemnation proceedings to deter-
mine the relative rights of the parties and ascertain the damages
sustained by the owner of the property, or the landowner may
sue for damages.

4. APPEAL—Verdict—Presumptions—Inclusion of Interest. Where
the person in whose favor a verdict is rendered is entitled to
interest, and there is nothing in the record from which it can be
determined whether or not the jury took into consideration the
matter of interest in fixing the amount of their award, it will be
presumed that they included interest.

5. SAME—Judgment to Conform. The judgment of the court must
follow the verdict, and where the verdict is general and for a
sum in gross and the question of interest was not reserved by
the court, and there is nothing in the record to indicate that the
jury omitted interest, it will be presumed that it is embraced in

Blackwell, E. & S. Ry. Co. *et al* v. Bebout.

the amount of their finding, and the court cannot add interest to the amount found by the verdict of the jury.

6.     **APPEAL—Review—Determination.** Where there is no error in the amount fixed by the verdict of the jury, and the judgment is erroneous' as to amount and as to the taxation of costs, this court will not grant a new trial, but will vacate the erroneous judgment and enter in this court the judgment which the trial court should have rendered.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before J. L. Pancoast, Trial Judge.*

Modified.

*Flynn & Ames, Jesse J. Dunn,* and *Dale & Bierer,* for plaintiffs in error.

*A. C. Town,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The defendant in error was the owner of the southeast quarter of section 28, township 20 north, range 10 west, in Woods county, Oklahoma. The Blackwell, Enid and Southwestern Railway Company, without his consent, and before commencing any proceedings to acquire a right of way, constructed its railroad across said tract and appropriated a portion of it for its right of way, and subsequently leased or transferred its property to the St. Louis and San Francisco Railroad Company. After the strip of land for right of way had been taken and was being used for railway purposes, the Blackwell, Enid and Southwestern Railway Company instituted proceedings for condemnation of said strip for its right of way and for the assessment of damages. Commissioners were appointed and made the assessment and filed a report, fixing the damages at $275. In these proceedings the land was described in the notice, the application for appointment of commissioners, and the report of the commissioners assessing the damages, as the southwest quarter, when it should have been the southeast quarter; the land in controversy. The appraisers were sworn by a United States commissioner, an officer not authorized to administer oaths

in such matters. These proceedings were all corrected by amendments by leave of the court, and a new report properly sworn to filed by the commissioners on September 21, 1903.

In order to acquire the right to bind the land owner in condemnation proceedings, the court must have jurisdiction of the property to be condemned, and also of the owner. In our judgment the proceedings in this case were so defective that the jurisdiction of the subject-matter was not acquired until the filing of the amended and completed report of the appraisers and the amendment of the notice and application to the court for the appointment of viewers, which was all done on the 21st day of September, 1903. Bebout, the land owner, had made his written demand for a jury trial prior to this date, and also refiled the original demand on said date. He had thirty days from the filing of the report of the appraisers in which to file his demand for a jury trial. In view of the failure to describe the land in either notice the application or the report of the commissioners, and the failure of the commissioners to take any oath either before or after making the assessment and award of damages, we are satisfied that his time did not begin to run until the amendment and perfecting of the proceedings on September 21, 1903; hence his demand for a jury trial was in time, and there was no error in allowing a jury trial upon the issue of the amount of compensation to be awarded the land owner.

The condemnation proceedings were initiated by the Blackwell, Enid & Southwestern Railway Company by service of the original defective notice upon Bebout upon the 20th day of December, 1902, and from that date to the time of trial various steps were taken in court looking to the completion and confirmation of the proceedings. On November 8, 1902, Bebout filed in the district court of Woods county his petition against the Blackwell, Enid and Southwestern Railway Company, and also the St. Louis and San Francisco Railroad Company, claiming damages for the right of way of said roads across his land. Four several summonses were

issued, and an attempt made to serve the defndants, but the first three were successively set aside by the court upon special appearance and motion of the defendants. The fourth summons, which was finally served upon the defendants, was issued December 8, 1903, and served on the 10th day of December, 1903. The defendants appeared and pleaded to the petition, and, among other defenses, set up the pendency of the condemnation proceedings in the same court, to have the damages ascertained for the same causes. The reply was a general denial. On February 3, 1905, the Blackwell, Enid and Southwestern Railway Company served upon Bebout an offer to confess judgment for the sum of $550, and filed the same in court on the same day. On February 7, 1905, the court, by special order with consent of all parties, consolidated these two cases and ordered them tried together. The consolidated case was tried to a jury and a verdict returned assessing damages in favor of Bebout for the sum of $480. Afterwards, on February 24, 1905, the court rendered judgment on the verdict for the sum of $589.20, which was the amount of the verdict, $480, plus $109.20, which the court allowed and added as interest from the date of the appropriation of the land by the railway company to the date of the trial. The plaintiffs in error objected to the allowance of any interest by the court, and subsequently moved to modify the judgment and for a new trial; all of which were overruled by the court, and exceptions saved. It appears from the record in this case that the Blackwell, Enid and Southwestern Railway Company went upon the land in controversy and constructed its road across a portion of the tract prior to the time that any proceedings were begun to have determined the compensation of the land owner. Subsequently, and before the land owner had begun any proceedings to recover compensation, the railway company instituted the condemnation proceedings which resulted in an award of $275 and the deposit of that sum in court for the use of Bebout. It was urgently contended by the company that Bebout had waived his right to a jury trial by having failed to file his demand for a jury

trial within thirty days after the commissioners had filed their first report; but, as we have already said, the proceedings were so defective that jurisdiction by the court was not acquired of the subject-matter until the amendments were made inserting the correct description of the land, and the filing of the last report of award, which all appears to have been done on the same day. Bebout appeared to these amended proceedings and demanded a jury trial, which was allowed him. During the pendency of these proceedings he instituted his independent suit against both of the railway companies for damages, and issues were formed involving the identical questions in controversy in the condemnation case. It was contended in the court below, and also here, that the land owner was not entitled to maintain this independent suit for damages, but that his remedy was by the statutory proceedings for ascertaining the damages in such cases, and the determination of this question practically controls all other questions in the cause.

Our statute relating to the rights, powers and duties of railway corporations, among other provisions, contains the following (sec. 109, art. 9, chap. 18; Wilson's Rev. and Ann. St. 1903, sec. 1038): "Every railroad corporation incorporated under this act and any railroad corporation authorized to construct, operate or maintain a railroad within this territory, has power and is authorized to enter upon any land for the purpose of examining and surveying its railroad, and to take, hold and appropriate so much real estate as may be necessary for the location, construction and convenient use of its road, including all necessary grounds for buildings, station, workshops, depots, machine shops, switches, side-tracks, turn-tables, snow defenses and water stations; all material for the construction of such road and its appurtenances, and the right of way over adjacent land sufficient to enable such corporation to construct and repair its road and the right to conduct water to its water stations, and to construct and maintain proper drains, and may obtain the right to such real estate by purchase or condemnation in the

manner provided by the law." And also the following (sec. 112; Wilson's Rev. and Ann. St. 1903, sec. 1041) : "If the owner of any real property over which said railroad corporation may desire to locate its road, shall refuse to grant the right of way through and over his premises, the district judge of the county or subdivision in which said real property may be situated as provided in this article, shall, upon the application or petition of either party, and after ten days' notice to the opposite party either by personal service or by leaving a copy thereof at his usual place of residence, or in case of his non-residence in the territory by such publication in a newspaper as the judge may order, direct the sheriff of said county to summon three disinterested freeholders of said county or subdivision (or if there be none such then of the territory) as commissioners, who shall be selected by said judge, and who must not be interested in a like question. The commissioners shall be luly sworn to perform their duties impartially and justly; and they shall inspect said real property and consider the injury which such owner may sustain by reason of such railroad; and they shall assess the damages which said owner will sustain by such appropriation of his land; and they shall forthwith make report thereof in writing to the clerk of the said court, setting forth the quantity, boundaries and value of the property taken, or amount of injury done to the property which they assess to the owner; which report must be filed and recorded by the clerk, and a certified copy thereof may be transmitted to the register of deeds of the county or subdivision where the land lies, to be by him filed and recorded (without further acknowledgment or proof) in the same manner and with like force and effect as is provided for the record of deeds. And if said corporation shall, at any time before it enters upon said real property for the purpose of constructing said road, pay to said clerk for the use of said owner the sum so assessed and reported to him as aforesaid, it shall thereby be authorized to construct and maintain its road over and across said premises: Provided, that if the corporation shall need or require for the purpose of

constructing said railroad, to take and occupy any real property in any unorganized county, or in other unorganized country where there is no district court established, then the judge of the district court of the nearest organized county or subdivision (wherein such court is established) upon the line of said road, shall appoint commissioners to assess said damages; and he and they shall perform all other duties required of district judges and commissioners by the terms of this article, and either party shall have the right to appeal as in other cases herein provided: And provided further, that the report of the commissioners may be reviewed by the district court on written exceptions filed by either party in the clerk's office within sixty days after the filing of such report; and the court shall make such order therein as right and justice may require, either by confirming, modifying, or rejecting the same, or by ordering a new appraisement on good cause shown; or either party may within thirty days after the filing of such report file with the clerk a written demand for a trial by jury; in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered on the verdict in the same manner as civil actions in the district court. If the party demanding such trial does not recover a verdict more favorable to him than the assessment of the commissioners, he shall not recover costs in the district court; and all costs in the district court may be taxed against him: And provided further, that either party may appeal from the decision of the district court to the supreme court and the money so deposited shall remain in the hands of the clerk, as aforesaid, until a final decision be had and subject thereto. But such review or appeal shall not delay the prosecution of the work on said railroad over the premises in question, if such corporation shall first have paid or deposited with the said clerk the amount so assessed by said commissioners; and in no case shall said corporation be liable for the costs on such review or appeal, unless the owner of such real property shall be adjudged entitled, upon either review or

appeal, to a greater amount of damages than was awarded by said commissioners. The corporation shall in all cases pay the costs and expenses of the first assessment. And in case of review or appeal, the final decision may be transmitted by the clerk of the proper court, duly certified, to the proper register of deeds to be by him filed and recorded as hereinbefore provided for the recording of the report, and with like effect."

From these provisions it is clear that the railway company had the right to take such portion of the tract of land belonging to Bebout as was required for the construction and operation of its railroad, and that either the railway company or the land owner, if they failed to agree upon the amount of damages, had the right to give notice to the other party and apply to the judge of the district court for the appointment of commissioners to assess the damages. This right and power to initiate the proceedings by which the damages were to be ascertained is as completely conferred upon the land owner as upon the railway corporation. The corporation has the right to appropriate private property for its uses without the consent of the owner upon the condition only that it shall make just compensation therefor. If the Blackwell, Enid and Southwestern Railway Company went upon the land of Bebout and attempted to appropriate any portion of it for railway purposes, he had the right to require them to stop work until the damages could be ascertained and deposited with the clerk of the court. If he failed to require this to be done, and stood by until the work was completed, he gained no greater rights than he had before, and the railway company got no better rights by his silence. The failure to have the damages determined in advance did not change the rights or relations of the parties. The provisions of the statute were still adequate for the determination of the rights of both parties and for the enforcement of such rights when determined.

A corporation having the right of eminent domain may exercise that right wherever their necessities require it, and in exercis-

ing such power the only requirement is that such corporation shall make just compensation for such private property as it takes or damages. Ordinarily, the power of eminent domain is exercised under statutory regulations, and where either party is given the right to initiate proceedings for the ascertainment of the damages and to invoke the process of the law specially provided for such cases, such statutory provisions have been held to be exclusive. It is said in 15 Cyc. 980 that: "Where a statutory remedy is given the owner of the property, such statutory remedy is usually held to be exclusive and to supersede the common-law remedies afforded the owner, particularly where condemnation proceedings are pending." And the text is abundantly supported by the authorities. *Kaukauna Water Co. v. Green Bay, etc., Canal Co.,* 142 U. S. 254; *Kuhl v. C. & N. W. Ry. Co.,* 77 N. W. 155 (Wis.); *Land v. W. & W. Ry. Co.,* 107 N. C. 72; *Shortle v. Ry. Co.,* 130 Ind. 505; *Ft. Wayne v. Hamilton,* 132 Ind. 487; *Rehman v. New Albany, etc., Ry. Co.* (Ind.) 35 N. E. 292; *Cairo, etc., Ry. Co. v. Turner* (Ark.) 25 Am. Rep. 564; *Hamor v. Bar Harbor Water Co.,* 78 Me. 127; *Dunlap v. Pully,* 28 Ia. 469; *Brickett v. Haverhill Co.,* 142 Mass. 394; *Brown v. Beaty* (Miss.) 69 Am. Dec. 389; *Fremont, etc., Ry. Co. v. Matheis,* 35 Neb. 48; *Little Miami R. R. Co. v. Witacre,* 8 Ohio St. 590; *Cherry v. Lane Co.* (Or.) 36 Pac. 531; *Phillips v. St. Clair Incline Co.,* 153 Pa. St. 230; *Milwaukee, etc. v. Strange,* 63 Wis. 178; *Aldrich v. Cheshire Ry. Co.* (N. H.) 53 Am. Dec. 212; *R. V. Ry. Co. v. Fink,* 18 Neb. 82, 24 N. W. 439.

And it seems to be the settled rule that the entry upon the property and the appropriation of the right of way and construction of a railroad, prior to the initiation of condemnation proceedings, will not defeat the right of either party to institute proceedings to condemn, whether the entry was with or without the consent of the land owner. 15 Cyc. 835; *Grand Rapids, etc., Ry. Co. v. Chesebro,* 74 Mich. 466; *Cory v. Chicago, etc., Ry. Co.,* 100 Mo. 282, 13 S. W. 346; *Ellinghouse v. Taylor,* 19 Mont. 462, 48 Pac.

757; *Jones v. New Orleans, etc., Ry. Co.,* 70 Ala. 227; *Newgass v. St. Louis, etc., Ry. Co.,* 54 Ark. 140, 15 S. W. 188; *San Francisco etc., Ry. Co. v. Taylor,* 86 Cal. 246, 24 Pac. -1027; *Florida Central Co. v. Bell,* 43 Fla. 359; *Chicago, etc., Ry. Co. v. Goodwin,* 111. Ill. 273; *Daniels v. Chicago, etc., R. Co.* 41 Iowa, 52; *Oregon Ry. v. Mosier,* 14 Or., 519, 13 Pac. 300; *Justice v. Nequehoning Valley Co.,* 87 Pa. St. 28; *Searle v. Lake Co. School Dist.,* 133 U. S. 553; *Albion Ry. Co. v. Hesser* (Cal.) 24 Pac. 288; *Railroad Co. v. Armstrong,* 46 Cal. 85; *Dunlap v. Ry. Co.,* 50 Mich. 470; *Secombe v. Milwaukee & St. P. Ry. Co.,* 23 Wall. (U. S.) 108; *Metropolitan Elev. Ry., In re.,* 12 N. Y. Supp. 506; *Mead v. Elev. Ry. Co.,* 24 N. Y. Supp. 908; *Jacksonville, etc., Ry. Co. v. Adams* (Fla.) 14 L. R. A. 533.

Upon the other hand, there are many cases asserting the doctrine that where there is nothing in the statute to indicate an intention on the part of the legislature that the remedy by condemnation should be exclusive, it is merely a cumulative remedy, and the land owner has his election as to which remedy he will avail himself of.    15 Cyc. 982; *Smith v. Chicago & W. Co.,* 67 Ill. 191; *Strickler v. Midland R. R. Co.,* 125 Ind. 418; *Chicago, etc., R. R. Co. v. Patterson,* 26 Ind. App. 295; *Atchinson, etc., Ry. Co. v. Weaver,* 10 Kan. 344; *Cohen v. St. L., Ft. Scott & Wichita R. R. Co.,* 34 Kan. 158, 8 Pac. 138; *Parsons Water Co. v. Knapp,* 33 Kan. 752, 7 Pac. 568; *Lee v. Pembroke Iron Co.,* 57 Me. 481; *Harrington v. St. Paul,etc., Ry. Co.,* 17 Minn. 215; *Hickman v. Kansas City,* 120 Mo. 110, 25 S. W. 225; *Ash v. Cummings,* 50 N. H. 591; *White v. N. W. N. C. R. R. Co.,* 113 N. C. 610; *Fries v. Wheeling, etc. R. R. Co.,* 56 Ohio St. 135; *Schuylkill Nav. Co. v. McDonough,* 33 Pa. St. 73 ;*Parker v. East Tenn. Ry. Co.* 13 Lea. (Tenn.) 669; *Younkin v. Milwaukee Light, etc., Co.,* 112 Wis. 15.

While the former rule seems to be supported by the greater weight of authority, we think the rule giving to the land owner, when his land has been invaded and taken without his consent for

railway purposes, the election to proceed under the statute for ascertaining damages in condemnation proceedings, or to maintain an independent suit for his damages, is more in consonance with our embryonic condition and more certainly insures the adjustment of all adverse rights and interests in such cases, and we adopt such rule as the law of this jurisdiction. However, under this rule, it is not permissible for a land owner to wage a suit for damages for the same injuries which may be adjudicated in condemnation proceedings when such condemnation proceedings are pending, or to commence such suit after the initiation of such proceedings. To proceed in the one case excludes the right to proceed in another. 15 Cyc. 983.

While both parties were dilatory in commencing proceedings to determine the damages in this case, it appears that Bebout filed his petition for damages prior to the commencement of the condemnation proceedings by the railway company, but he failed to procure service of summons until after the condemnation proceedings had been perfected. Hence, under the statute fixing the commencement of an action as of the date of the summons which is actually served, it follows that the suit of Bebout for damages was not commenced until after the condemnation proceedings were instituted and perfected by amendments.

The trial court erred in consolidating and trying the causes together. Everything that Bebout claimed could be determined in the condemnation proceedings, and, in any event, these proceedings were perfected and at issue before the action for damages was at issue, and when the condemnation cause went to trial the other case should have been dismissed. But the error in the proceedings only goes to a question of costs. Bebout was entitled to a jury trial in the condemnation case. He had not waived this right, and, as all the costs of the trial were made in the consolidated cases, no injury was done. The railway company, under the verdict of the jury, was liable for the costs of trial and final judgment in any event, and it is not to be presumed that any more

or greater expense was incurred in trying the consolidated cases than would have been incurred in trying the condemnation case. Nor was any other controverted issue involved. The only question submitted to the jury was the difference in value of Bebout's land before and after the construction of the railway improvements.

The conclusions here reached make it apparent that the action for damages brought by Bebout was improperly brought, and must necessarily be at his cost. The condemnation proceedings were proper and involved all the rights of both parties growing out of the appropriation of the land and the right of way by the railway company, and by the terms of the statute (Wilson's Rev. and Ann. St. 1903, sec. 1041) the Blackwell, Enid and Southwestern Railway Company was liable for all the costs of the assessment of damages up to the time Bebout filed his demand for a jury trial, and, having by the verdict of the jury recovered a verdict more favorable than the award of the commissioners, he was entitled to recover all the costs in the condemnation proceedings. It appears from the record that the total costs accrued in both cases was $276.40; of this sum $89 accrued in the damage suit prior to the consolidation. In no event is it proper to charge any of said amount against the Blackwell, Enid and Southwestern Railway Company.

The plaintiffs in error contend that the Blackwell, Enid and Southwestern Railway Company offered before trial to confess judgment in the condemnation proceedings for the sum of $550, and that, inasmuch as Bebout only recovered $480 by the verdict of the jury, he should not recover any costs which were incurred after the offer to allow judgment was made. The statute (Wilson's Rev. and Ann. St. 1903, sec. 4715) provides that: "The defendant in an action for the recovery of money only may, at any time before the trial, serve upon the plaintiff or his attorney an offer in writing to allow judgment to be taken against him for the sum specified therein. * * * If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall

pay the defendant's costs from the time of the offer." If the proceedings brought by the railway company to condemn its right of way and to have the damages done to the landowner assessed by commissioners is "an action for the recovery of money," then the contention of the plaintiffs in error as to costs is well taken. We do not think it comes within the designation of the statute. The condemnation cause was instituted by the railway company for the purpose of authorizing it to take private property for its use without the consent of the owner. The question of damages and of compensation is an incident to the main cause. It is a special proceeding, initiated in a particular and special manner, different from that in bringing an ordinary action for the recovery of money. The commissioners are required to determine the quantity, boundaries, and value of the property taken or amount of injury done to the property of the owner, and on demand for jury trial the issues are tried *de novo*, and the question of the necessity for the taking and the quantity claimed are issues of fact that ordinarily may be inquired into in such proceedings. It must necessarily follow that such a proceeding is not one for the recovery of money only, and the offer of the plaintiff in error to confess judgment before trial for a greater sum than the amount awarded in the verdict of the jury cannot affect the question of taxation of costs.

The next complaint arises upon the action of the court in adding to the amount of the verdict of the jury the sum of $109.20 as and for interest. There is nothing in the record to indicate that the jury did not in the assessment of damages include the total amount that they deemed the defendant in error entitled to, and, in the absence of any indication to the contrary, the presumption is that they included in their award of damages every element that the land owner was entitled to. This question was before this court in the case of *St. Louis, El Reno & Western Railway Company v. Oliver,* 17 Okla. 589, 87 Pac. 423, and, after reviewing the Kansas cases upon the subject, the rule was laid down that:

"In a case tried by jury, where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the verdict, and it is unquestionably clear that the jury allowed no interest, or where the court reserved the question of allowance of interest until after verdict, and it is clearly ascertainable from the verdict or uncontroverted facts the dates from which and to which interest should be allowed, and the rate is fixed, the court may make the computation and add the interest so found to the sum found in the verdict, and render judgment for the aggregate amount." This rule goes as far as the law will warrant, and we think is unsafe to extend it. The case at bar does not come within this rule. The court did not reserve the question of interest from the jury. It was the duty of the jury to assess the entire damage, and we must presume that they did so. "In an action for the breach of an obligation not arising from contract * * * interest may be given in the discretion of the jury." Wilson's Rev. and Ann. St. 1903, sec. 2727.

In the state of the record, we must presume that the jury exercised its discretion. It was error for the court to add any additional sum to the verdict, and the amount so allowed must be deducted from the judgment. It was the duty of the court to render judgment upon the verdict. There was no error in the assessment of damages by the jury, and the judgment must follow the verdict.

We find no error necessitating the granting of a new trial. The trial court should have modified the judgment as to amount and as to costs.

The amounts all appearing approximately certain in the record, this court will set aside and vacate the judgment and make it conform to the judgment that the district court should have rendered. And said judgment for the sum of five hundred and eighty-nine dollars and twenty cents and for costs is set aside and vacated, and judgment is now here rendered upon the verdict of the jury. And it is now hereby ordered and adjudged that the

defendant in error, J. J. Bebout, do have and recover of and from the Blackwell, Enid and Southwestern Railway Company the sum of four hundred and eighty dollars, with interest thereon at the rate of seven per cent. per annum from the 21st day of February, 1905, and the sum of one hundred and eighty-seven dollars and forty-one cents ($187.41), costs accrued in said condemnation proceedings; and said cause No. 737, J. J. Bebout v. Blackwell, Enid and Southwestern Railway Company and St. Louis and San Francisco Railroad Company is dismissed at the costs of the plaintiff, J. J. Bebout. And said condemnation proceedings are in all things confirmed and made effectual.

The costs in the court are ordered taxed to the defendant in error.

Pancoast, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.